# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 3:25-MJ-2044 |
| v. | ) | |
| | ) | JUDGE VARLAN |
| DAMION KILE VERMEJAN | ) | |

## ORDER GRANTING MOTION TO DISMISS

This criminal action is before the Court on the United States's Motion to Dismiss. On February 18, 2025, the United States filed a complaint against the Defendant alleging possession of an unregistered firearm, specifically a destructive device, in violation of 26 U.S.C. § 5861(d). The United States now moves to dismiss the complaint in this case without prejudice because dismissing the complaint furthers the public interest.

Federal Rule of Criminal Procedure 48(a) permits the United States to "dismiss an indictment, information, or complaint" with "leave of Court." Fed. R. Crim. P. 48(a). The decision "to maintain a prosecution is exclusively within the discretion of the executive branch of government." *United States v. Valle*, 697 F.2d 152, 154 (6th Cir. 1983). "Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought." *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967). The Supreme Court has instructed that "[t]he principal object of the 'leave of court' requirement" is limited—"to protect a defendant against prosecutorial harassment . . . when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977) (per curiam). The United States Court of Appeals for the Sixth Circuit is in lockstep. *See United States v. Stapleton*, 297 F. App'x 413, 431 (6th Cir. 2008)

("The primary purpose of Rule 48(a) is the protection of the defendant's rights to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy." (cleaned up)).

Upon the Court's narrow review, the United States satisfied its burden. The United States no longer wishes to proceed with its prosecution of Defendant. There is no evidence of "prosecutorial harassment." *See Rinaldi*, 434 U.S. at 29 n.15; *Stapleton*, 297 F. App'x at 431. Therefore, the Court **GRANTS** the United States's Motion to Dismiss and **DISMISSES** the pending Complaint **without prejudice**.

SO ORDERED.

_s/ Thomas A Varlan_____
THOMAS A. VARLAN
UNITED STATES DISTRICT COURT JUDGE